ROBERT M. YASPAN, SBN 51867
DEBRA R. BRAND, SBN 162285
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, CA 91367
Telephone: (818) 774-9929
Facsimile: (818) 774-9989
[Proposed] General Counsel for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Leonard Ross<br><br>Debtor | Chapter No.: 11<br><br>Case No.: 1:10-bk-49358-VZ<br><br>**STATUS CONFERENCE REPORT**<br><br>Date: October 28, 2010<br>Time: 9:30 A.M.<br>Place: Courtroom 1368<br>Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, California 90012 |

In response to the Court's Order requiring the Debtor to appear for a Status Conference, and to file a Status Conference Report, the Debtor reports as follows:

1. Report Filed Late: The Debtor's counsel apologizes for the late filing of the Status Conference Report. For some reason, counsel's electronic transmission was not received; however, the paralegal did receive a Notice that a hearing had been set for October 28, 2010 (on September 27, 2010). However, the apparent follow-up service was not received; that of the Order itself with the response dates in it. It was thus inadvertently not calendared; notice has been sent today to all creditors by Federal Express, together with the Status Conference Report itself. The problem has been

1

rectified by assigning the task of reviewing all emails from the Court to one person, rather than several; and by adding to the PACER electronic addresses one directly coming to the partner in the Firm, i.e., ryaspan@yaspanlaw.com.

2. The Debtor expects to be able to file and serve a Disclosure Statement by August 1, 2011. In the normal course of events the hearing on the Disclosure Statement would be heard after 36 days later (say, September 20, 2011). Asssuming the Statement were then approved then a Motion for Order confirming Chapter 11 Plan could be filed on or before November 10, 2011.

3. Deadlines should be set for the filing of proofs of claim. Given the fact that the end of the year is approaching, the Debtor requests a Bar Date of January 31, 2011. Objections to Claims could be filed by a date 60 days later; and hearings on those Motions could be heard on or after March 15, 2011.

4. The Debtor has performed all of its duties under Sections 521, 1106 and 1107 except for the filing of the first Monthly Operating Report (which was due on September 15, 2010). Sam Lor, of the Office of the United States Trustee has allowed the Debtor until September 30, 2010 to file that report. The Debtor expects to comply.

5. The Debtor is an unmarried individual; he is an attorney and investor. The individual case was filed on or about September 15, 2010. By itself this case involves several different problems that need to be addressed; however, the case is complicated by the existence of six other Chapter 11 proceedings that are presently pending in the bankruptcy court in Waco, Texas (in the Western District of Texas) as to which this estate has financial interests. (An order has been signed transferring four of those cases to this District. The appeal period will elapse on or about October 25, 2010 on the transfer order.) The Debtor will discuss the issues in this individual Chapter 11 in Paragraphs 6 through 8 below. The Debtor will discuss a summary of the issues in the corporate cases

in Paragraphs 9 through 10 below. The six corporate cases are referred to herein as the "COMPANY DEBTORS".

6. The first issue revolves around the major asset of the Debtor, a single family residential property, of approximately 50,000 +/- square feet on Beverly Drive in Beverly Hills ("BEVERLY PROPERTY"). The BEVERLY PROPERTY was formerly known as the "Hearst Southern Estate", and has served as the venue for several major motion pictures. The primary secured claimant is the Bank of America ("BOFA") with respect to an approximate $22,000,000 indebtedness. The Debtor was behind on his payments to the BOFA as of the Petition Date and the BOFA had instituted foreclosure proceedings. The Debtor, immediately preceding the Petition Date, engaged a professional appraisal for the home; it was appraised at $95 million. The appraisal has been filed with the Office of the United States Trustee. The Debtor has further selected a broker to market the property; his application to employ will be filed next week.

7. The second issue in the individual case relates to the claims of Pacific Mercantile Bank ("PMB") against the Debtor and the COMPANY DEBTORS. As of the start of the COMPANY DEBTORS in Texas, in and around August 2, 2010, PMB claimed approximately $20 million in loans against the Debtor and his entities as secured by, among other things, a Travelodge Hotel in Texas ("TRAVELODGE"), a 200+ unit apartment house in College Station, Texas, and 20 buildable, but vacant, lots in Calabasas, California. The individual case is an alleged guarantor to PMB of the entirety of the debt. The COMPANY DEBTORS are represented by former Bankruptcy Judge Michael McConnell in Texas.

There are no orders of Joint Administration or Substantive Consolidation in the cases involving the COMPANY DEBTORS.

Over the past month this Debtor (represented by Mr. Yaspan), and the COMPANY

DEBTORS, through Mr. McConnell, have negotiated with PMB. The parties entered into a "Settlement Agreement" on or about October 18, 2010, subject to the order of this Court. The settlement implicates the individual case as well as the four COMPANY DEBTORS that have been transferred to Los Angeles. While the Settlement Agreement controls, in general the combined Debtors will turn over the 20 LOTS and the APARTMENT HOUSE to PMB, and give releases; PMB will accept the 20 LOTS and the APARTMENT HOUSE in full payment and, subject to Paragraph 8, will be restricted to no more than a $750,000 general unsecured claim in the individual case. (The Travelodge Hotel has already been foreclosed upon.)

The additional issue with PMB revolves around a small $250,000, plus or minus, loan secured by an individual parcel of land known to the parties as the "Verizon Parcel". Under the Settlement Agreement PMB must be paid off by February 11, 2011.

8. Prior to the initiation of these Chapter 11 proceedings the Debtor leased out the BEVERLY PROPERTY for about $460,000 for 34 days. That lease is ongoing; and it is not expected that the tenant will renew. The BEVERLY PROPERTY will then be for lease pending its eventual sale, or refinancing.

9. The issues in the COMPANY DEBTORS cases will be simplified to a great extent if the Court approves the PMB settlement described above. Although the Debtor is still not through with the analysis it may well be that three of the cases of the COMPANY DEBTORS will be in a position to be dismissed almost immediately, leaving the case of Rossco Holdings, Inc. before this Court. It should be stressed that this decision has not yet been finalized.

10. The Debtor suggests that an additional, or continued Status Conference, be set in this case to co-ordinate the COMPANY DEBTORS' cases once they are assigned to this Court. As of this minute, there are no Central District case numbers for the cases coming in.

4

11. Another problem in the cases of the two company proceedings that are not being transferred here relates to the relief from stay proceedings relating to two hotel properties in Killeen, Texas. Relief from stay has been granted; and neither property is operational. The individual estate is claimed to be a guarantor of the mortgage debt on the Killeen hotel properties, and an issue may arise as to the individual estate's potential liability for any deficiency.

12. The individual debtor intends to reorganize. If the BEVERLY PROPERTY sells then it is very likely that there will be a Plan presented that would call for a 100% distribution. Pending the sale, the Debtor will be leasing the property for income. Other sales are currently in the works, including parcels that are currently inside of the cases involving the COMPANY DEBTORS.

13. No litigation is currently pending in the individual case. No Motions, either by creditors, or the United States Trustee, have yet been filed.

14. The Debtor has proposed to hire two professionals so far: Robert M. Yaspan Law Offices as the proposed General Counsel for the Debtor; and Kim Gidlow, the proposed Certified Public Accountant for the estate. It is anticipated that Special Counsel will be proposed; and, perhaps, a Tax Counsel to advise the Debtors on various tax matters. Finally, the individual debtor himself is an attorney licensed to practice law; it is anticipated that he will seek to be hired as Special Counsel to the Estate for the purpose of reducing costs. To the best of the Debtor's knowledge no orders regarding employment have yet been entered.

15. In terms of professional compensation, the Debtor would propose the following estimates:

15.1 Robert M. Yaspan, Los Angeles California – general counsel for the estate for all matters except tax planning and consultation; and counsel services in specialized matters, and out-of-state matters. The firm has one partner, and three associates. The partner bills at $500 per hour;

the associates uniformly bill at $400 per hour; paralegals bill at $150 per hour.

Categories include:

General Administrative Matters – attendance at court conferences, United States Trustee matters, amendment and supplementation of the Schedules of Assets and Liabilities, review (but not preparation) of the Monthly Operating Reports. Estimated at 40 attorney hours; 80 paralegal hours $30,000 over the course of the case.

Pacific Mercantile Matters – negotiation of settlement agreement; preparation of motions, possible work regarding the Verizon Property. Estimated at 40 attorneys hours: $20,000.

Bank of America Matters – negotiation of past-due balances, review of possible claims against the BOFA; responses to potential motions for relief from stay – 50 attorney hours: $22,500.

Overview of the 6 Company Cases in Los Angeles and in Waco: Consultation with the Debtor in Possession lawyers for the cases and analysis of the matters from the point of view of the individual estate: 50 Attorney Hours - $25,000

BEVERLY PROPERTY matters: Preparation of application to hire broker; attendance at hearings; presentation of motion to sell property; review of leases pertaining to the property; and miscellaneous matters revolving around the property: 75 attorney hours: $37,500.

Presentation and Promulgation of Plan (other than claims litigation): 100 attorney hours, or $50,000.

Claims Objections, particularly revolving around alleged guarantees of indebtedness; estimated at 100 attorney hours; 125 paralegal hours, $65,000 (if not settled). Trial, deposition and copying costs could run $5,000 per objection.

Adversary Proceedings in which the Debtor is a Plaintiff: Unknown at this point in time; however, the Debtor's prefiling businesses were complicated and it may well be that the Debtor

1 | will initiate various proceedings against presently unknown parties.

2 |    15.2 Kim Gidlow, CPA: Ms. Gidlow spends the majority of her time working for Mr. Ross, and his businesses. She works approximately 80 hours per month, at a rate of $70 per hour.

Dated: October 21, 2010

LAW OFFICES OF ROBERT M. YASPAN

By_____
ROBERT M. YASPAN
[Proposed] Attorneys for Debtor

# DECLARATION OF ROBERT M. YASPAN

I, Robert M. Yaspan, being first duly sworn, declare and allege as follows:

1. I am an attorney duly authorized to practice law before the Courts of the State of California and the United States District Court for the Central District of California. I further have personal knowledge of the facts set forth herein and if called as a witness I could, and would, so competently testify hereto.

2. The Debtor's counsel apologizes for the late filing of the Status Conference Report. For some reason, counsel's electronic transmission was not received; however, the paralegal did receive a Notice that a hearing had been set for October 28, 2010 (on September 27, 2010). The apparent follow-up service was not received; that of the Order itself with the response dates in it. It was thus inadvertently not calendared.

3. Notice has been sent today to all creditors by Federal Express, together with the Status Conference Report itself. The problem has been hopefully rectified by assigning the task of reviewing all emails from the Court to one person, rather than several; and by adding to the PACER electronic addresses one directly coming to the partner in the Firm, i.e., ryaspan@yaspanlaw.com.

4. The Debtor expects to be able to file and serve a Disclosure Statement by August 1, 2011. In the normal course of events the hearing on the Disclosure Statement would be heard after 36 days later (say, September 20, 2011). Asssuming the Statement were then approved then a Motion for Order confirming Chapter 11 Plan could be filed on or before November 10, 2011.

5. Deadlines should be set for the filing of proofs of claim. Given the fact that the end of the year is approaching, the Debtor requests a Bar Date of January 31, 2011. Objections to Claims could be filed by a date 60 days later; and hearings on those Motions could be heard on or after March 15, 2011.

6. The Debtor has performed all of its duties under Sections 521, 1106 and 1107 except for the filing of the first Monthly Operating Report (which was due on September 15, 2010). Sam Lor, of the Office of the United States Trustee has allowed the Debtor until September 30, 2010 to file that report. The Debtor expects to comply.

7. The Debtor is an unmarried individual; he is an attorney and investor. The individual case was filed on or about September 15, 2010. By itself this case involves several different problems that need to be addressed; however, the case is complicated by the existence of six other Chapter 11 proceedings that are presently pending in the bankruptcy court in Waco, Texas (in the Western District of Texas) as to which this estate has financial interests. (An order has been signed transferring four of those cases to this District. The appeal period will elapse on or about October 25, 2010 on the transfer order.) The Debtor will discuss the issues in this individual Chapter 11 in Paragraphs 6 through 8 below. The six corporate cases are referred to herein as the "COMPANY DEBTORS".

8. The first issue revolves around the major asset of the Debtor, a single family residential property, of approximately 50,000 +/- square feet on Beverly Drive in Beverly Hills. The property was formerly known as the "Hearst Southern Estate", and has served as the venue for several major motion pictures. The primary secured claimant is the Bank of America ("BOFA") with respect to an approximate $22,000,000 indebtedness. The Debtor was behind on his payments to the BOFA as of the Petition Date and the BOFA had instituted foreclosure proceedings. The Debtor, immediately preceding the Petition Date, engaged a professional appraisal for the home; it was appraised at $95 million. The appraisal has been filed with the Office of the United States Trustee. The Debtor has further selected a broker to market the property; his application to employ will be filed next week.

9. The second issue in the individual case relates to the claims of Pacific Mercantile Bank

9

("PMB") against the Debtor and the COMPANY DEBTORS. Over the past month this Debtor (represented by Mr. Yaspan), and the COMPANY DEBTORS, through Mr. McConnell, have negotiated with PMB. The parties entered into a "Settlement Agreement" on or about October 18, 2010, subject to the order of this Court. The settlement implicates the individual case as well as the four COMPANY DEBTORS that have been transferred to Los Angeles. While the Settlement Agreement controls, in general the combined Debtors will turn over the 20 LOTS and the APARTMENT HOUSE to PMB, and give releases; PMB will accept the 20 LOTS and the APARTMENT HOUSE in full payment and, subject to Paragraph 8, will be restricted to no more than a $750,000 general unsecured claim in the individual case. (The Travelodge Hotel has already been foreclosed upon.)

The additional issue with PMB revolves around a small $250,000, plus or minus, loan secured by an individual parcel of land known to the parties as the "Verizon Parcel". Under the Settlement Agreement PMB must be paid off by February 11, 2011.

10.     Prior to the initiation of these Chapter 11 proceedings the Debtor leased out the BEVERLY PROPERTY for about $460,000 for 34 days. That lease is ongoing; and it is not expected that the tenant will renew.

11.     Another problem in the cases of the two company proceedings that are not being transferred here relates to the relief from stay proceedings relating to two hotel properties in Killeen, Texas. Relief from stay has been granted; and neither property is operational. The individual estate is claimed to be a guarantor of the mortgage debt on the Killeen hotel properties, and an issue may arise as to the individual estate's potential liability for any deficiency.

12.     The individual debtor intends to reorganize. If the BEVERLY PROPERTY sells then it is very likely that there will be a Plan presented that would call for a 100% distribution. Pending the

sale, the Debtor will be leasing the property for income. Other sales of other properties are currently in the works, including parcels that are currently inside of the cases involving the COMPANY DEBTORS.

13. No litigation is currently pending in the individual case. No Motions, either by creditors, or the United States Trustee, have yet been filed.

14. The Debtor has proposed to hire two professionals so far: Robert M. Yaspan Law Offices as the proposed General Counsel for the Debtor; and Kim Gidlow, the proposed Certified Public Accountant for the estate. It is anticipated that Special Counsel will be proposed; and, perhaps, a Tax Counsel to advise the Debtors on various tax matters. Finally, the individual debtor himself is an attorney licensed to practice law; it is anticipated that he will seek to be hired as Special Counsel to the Estate for the purpose of reducing costs. To the best of the Debtor's knowledge no orders regarding employment have yet been entered.

15. In terms of professional compensation, the Debtor would propose the following estimates:

15.1 Robert M. Yaspan, Los Angeles California – general counsel for the estate for all matters except tax planning and consultation; and counsel services in specialized matters, and out-of-state matters. The firm has one partner, and three associates. The partner bills at $500 per hour; the associates uniformly bill at $400 per hour; paralegals bill at $150 per hour.

Categories include:

General Administrative Matters – attendance at court conferences, United States Trustee matters, amendment and supplementation of the Schedules of Assets and Liabilities, review (but not preparation) of the Monthly Operating Reports. Estimated at 40 attorney hours; 80 paralegal hours $30,000 over the course of the case.

Pacific Mercantile Matters – negotiation of settlement agreement; preparation of motions, possible work regarding the Verizon Property. Estimated at 40 attorneys hours: $20,000.

Bank of America Matters – negotiation of past-due balances, review of possible claims against the BOFA; responses to potential motions for relief from stay – 50 attorney hours: $22,500.

Overview of the 6 Company Cases in Los Angeles and in Waco: Consultation with the Debtor in Possession lawyers for the cases and analysis of the matters from the point of view of the individual estate: 50 Attorney Hours - $25,000

BEVERLY PROPERTY matters: Preparation of application to hire broker; attendance at hearings; presentation of motion to sell property; review of leases pertaining to the property; and miscellaneous matters revolving around the property: 75 attorney hours: $37,500.

Presentation and Promulgation of Plan (other than claims litigation): 100 attorney hours, or $50,000.

Claims Objections, particularly revolving around alleged guarantees of indebtedness; estimated at 100 attorney hours; 125 paralegal hours, $65,000 (if not settled). Trial, deposition and copying costs could run $5,000 per objection.

Adversary Proceedings in which the Debtor is a Plaintiff: Unknown at this point in time; however, the Debtor's prefiling businesses were complicated and it may well be that the Debtor will initiate various proceedings against presently unknown parties.

15.2    Kim Gidlow, CPA: Ms. Gidlow spends the majority of her time working for Mr. Ross, and his businesses. She works approximately 80 hours per month, at a rate of $70 per hour.

Executed at Los Angeles, California on October 22, 2010.

/s/ Robert M. Yaspan
Robert M. Yaspan

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21700 Oxnard Street, Suite 1750, Woodland Hills CA 91367

A true and correct copy of the foregoing document described as **STATUS CONFERENCE REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** -- Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 22, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael S Greger on behalf of Interested Party Courtesy NEF
mgreger@allenmatkins.com

Michael S Kogan on behalf of Creditor Michael Kogan
mkogan@ecjlaw.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Justin E Rawlins on behalf of Creditor Pacific Mercantile Bank
jrawlins@winston.com, docketla@winston.com

David B Shemano on behalf of Creditor National Guardian Life Insurance Co.
dshemano@pwkllp.com

Ramesh Singh on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Joshua D Wayser on behalf of Interested Party Courtesy NEF
joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com

II. **SERVED BY FEDERAL EXPRESS PRIORITY OVERNIGHT MAIL**(indicate method for each person or entity served): On **October 22, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                F 9013-3.1.PROOF.SERVICE

and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 22, 2010 | Tatyana K. Menachian | *[signature]* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**

Leonard M. Ross
1011 No. Beverly Drive
Beverly Hills, CA 90210

Bank of America
201 East Washington Street
Phoenix, AZ 85004

Capital One Auto Finance
3905 N. Dallas Pkwy
Plano TX 75093

Chase Auto Finance
1820 E. Sky Harbor Circle S
Phoenix, AZ 85034

Merri Jean Ross
1023 N. Roxbury Drive
Beverly Hills, CA 90210

Nataalia Rey
9196 Thrasher Avenue
Los Angeles, CA 90069

Pacific Mercantile Bank •
9720 Wilshire Boulevard
Beverly Hills, CA 90212

Rossco Holdings Incorporated
1011½ N. Beverly Drive•
Beverly Hills, California 90210

Wells Fargo Financial Leasing
2012 Corporate Lane, Suite 108
Napperville, IL 60197-6434

Amer. Express
2965 W. Corporate Lakes Blvd
Weston FL 33331

Citizen's Bank
328 S. Saginaw St
Flint MI 48502

Bellagio Hotel
3600 Las Vegas Blvd South
Las Vegas, NV 89109

JP Morgan Private Bank
270 Park Ave
New York, NY 10017

OneWest Bank FSB
390 West Valley Parkway
Escondido, CA 92025

Prosperity Bank
2202 Longmire Drive
College Station, Texas 77845

OneWest Bank FSB
390 West Valley Parkway
Escondido, CA 92025

Rossco MP Properties Co. LLC
1011½ N. Beverly Drive
Beverly Hills, CA 90210

RFF Family Partnership, LP
226 Twenty-Third Street
Santa Monica, California 90402

National Guardian Life Insurance Co.
Two East Gilman Street
Madison, WI 53703

Chase Home Finance
3415 Vision Drive
Columbus OH 43219

Chamber Copy
The Hon. Vincent Zurzolo
255 E. Temple Street, Suite 1360
Courtroom 1368
Los Angeles, CA 90012
*Via Messenger*

Office of the United States Trustees
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Stuart R. Richter
Katten Muchin Roseman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

WINSTON & STRAWN LLP
David L. Aronoff
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

*Request for Special Notice*
Ascension Capital Group
2201 E. Lamar Blvd.
Arlington, TX 76006