ROBERT M. YASPAN, SBN 51867
DEBRA R. BRAND, SBN 162285
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, CA 91367
Telephone: (818) 774-9929
Facsimile: (818) 774-9989
[Proposed] General Counsel for
Debtor

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Chapter No.: 11 |
| | ) |
| Leonard Ross | ) Case No.: 2:10-bk-49358-VZ |
| | ) |
| | ) **APPLICATION OF DEBTOR AND** |
| Debtor. | ) **DEBTOR IN POSSESSION FOR** |
| | ) **AUTHORITY TO EMPLOY COOPER &** |
| | ) **SCULLY, P.C. AS SPECIAL LITIGATION** |
| | ) **COUNSEL PURSUANT TO 11 U.S.C.** |
| | ) **§§327(e) and 328(a); DECLARATION OF** |
| | ) **LEONARD ROSS; DECLARATION OF** |
| | ) **T. MICAH DORTCH** |
| | ) |
| | ) [No Hearing Required Per Local Bankruptcy Rules |
| | ) 2014-1(b)] |

Leonard Ross, the Chapter 11 debtor and debtor in possession herein (the "Debtor"), hereby

submits this application (the "Application") for Court authority to employ the law firm of Cooper &

Scully, P.C. ("COOPER") as its special litigation counsel pursuant to 11 U.S.C. §§327(e) and 328(a)

upon the terms and conditions set forth below. In support of the Application, the Debtor respectfully

represents as follows:

A.    General Background

1.    This Chapter 11 case was commenced by the filing of a Voluntary Petition under Chapter 11 of the Code by the Debtor on September 15, 2010 ("Petition Date"). The Debtor continues to operate his business and manage his affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code. Declaration of Leonard Ross ("ROSS DEC.") paragraph 2.

2.    Debtor and Rossco Holdings, Incorporated ("Rossco"), a company owned by this estate, filed a lawsuit in September 2005 against Bank of America. Debtor and Rossco did not prevail, and attorneys' fees and costs were awarded against them. The judgment was entered on February 13, 2008. At the time of the judgment, Debtor was represented by the law firm of Mendes & Mount, and its attorney of record, Dean Herman ("Herman"). At the suggestion of Herman, Debtor and Rossco retained and engaged Defendant Catherine Rivard ("Rivard") who was at the same law firm. Todd Fuson ("Fuson") was also assigned by Mendes & Mount to represent the two Debtors in the appeal that the Debtors and Rossco instructed be brought. ROSS DEC., paragraph 3.

3.    Among other things, Mendes & Mount, Herman, Rivard and Fuson failed to file a timely appeal and to otherwise render proper legal advice. ROSS DEC., paragraph 4.

B.    The Debtor's Need for Special Litigation Counsel

4.    On or about July 8, 2010, the Debtor and Rossco filed a legal malpractice claim against Mendes & Mount, Herman, Rivard and Fuson that is currently pending in the Los Angeles Superior Court as Case No. BC441250 ("Malpractice Action"). The action was filed by COOPER. That Firm is experienced in matters of appellate law and legal malpractice claims. The continuation of the Malpractice Action is for the benefit of the estate and its creditors.

5.    The COOPER attorneys that are specifically working on the case are R. Brent Cooper, T. Micah Dortch, and Katherine "Katie" McClelland ("COOPER ATTORNEYS").

6.      The COOPER ATTORNEYS are well qualified to assist the Debtor in this matter. COOPER is the existing attorney of record for Debtor and Rossco. The COOPER ATTORNEYS are already familiar with the underlying facts and circumstances of the Malpractice Action. Furthermore, the COOPER ATTORNEYS are experienced litigators with backgrounds in appellate practice, legal malpractice, and business litigation. Attached hereto as Exhibit B is a copy of the professional biography of R. Brent Cooper; attached as Exhibit C is a copy of the professional biography of T. Micah Dortch; and attached as Exhibit D is a copy of the professional biography of Katherine "Katie" McClelland.

7.      The current hourly rates for COOPER are as follows:  shareholders, $215.00 per hour; senior associates, $175.00 per hour; junior associates, $150.00 per hour; and paralegals/law clerks, $85.00 per hour. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

8.      Since in or about 2009, COOPER and T. Micah Dortch have represented Debtor and companies owned in whole or in part by Debtor (Roscco, and Lodgeco Properties, Ltd. ("Lodgeco") in matters other than the Malpractice Action. A list of those prior and existing representations is attached as Exhibit E.

9.      No pre-petition sums are due to COOPER from the Debtor. However, Debtor's related entities do owe, as of the date of this Application, the sum of $19,650.00, more or less, to COOPER. COOPER is not waiving those claims against the entities, but understands that any payments from this point forward from any Debtor before this court must be made only after an appropriate order of court be entered. COOPER may, however, accept payments from non-Debtor entities owned in whole or in part by this Debtor.

10.      As set forth in the Declaration of T. Micah Dortch ("Dortch Dec."), COOPER has met

all of the requirements for employment as Special Counsel by the Debtor's estate pursuant to 11 U.S.C. §327(e).

11.    COOPER and the COOPER ATTORNEYS are not equity security holders or insiders of the Debtor, and COOPER and the COOPER ATTORNEYS do not have any connection with any insider of the Debtor or any insider of an insider of the Debtor, except as set forth herein.

12.    The Debtor and COOPER have agreed that, upon approval and pursuant to 11 U.S.C §328(a), the Debtor will be authorized to pay COOPER $5,000 to cover fees incurred by it with regard to COOPER's representation of Debtor in the Malpractice Action.  The Debtor asks for authority to pay this retainer from the post-filing funds on hand.

13.    COOPER and the COOPER ATTORNEYS have not shared or agreed to share their compensation for representing the Debtor with any other person or entity.

14.    COOPER understands the provisions of 11 U.S.C. §§327, 330 and 331 which require, among other things, Court approval of the Debtor's employment of COOPER as special litigation counsel and of all legal fees and reimbursement of expenses that COOPER will receive from the Debtor and the Debtor's estate.

15.    As set forth in the Dortch Dec. attached, and to the best of his knowledge, other than as set forth hereinabove, COOPER and the COOPER ATTORNEYS do not hold or represent any interest adverse to the Debtor or its estate with respect to the scope of services for which the Debtor seeks to employ the COOPER herein.  11 U.S.C. §328(e).  Also, to the best of Mr. Dortch's knowledge, and other than as disclosed herein, COOPER has no other connection  with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case or its respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

16.    The Debtor believes that his employment of COOPER upon the terms and conditions set forth above is in the best interest of the Debtor's estate.

17.    A true and correct copy of the Notice of this Application, which was filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached as Exhibit A to the Ross Declaration annexed hereto.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

A.    Approving the Debtor's employment of COOPER as its special litigation counsel in the Malpractice Action effective as of September 15, 2010 upon the terms and conditions set forth in this Application.

B.    Approving the payment of $5,000 to COOPER from the Debtor's postfiling funds.

C.    Granting such other and further relief as necessary and appropriate under the circumstances.

Dated:  ~~December 30, 2010~~
        January 7, 2011

Leonard Ross

Presented by:

LAW OFFICES OF ROBERT M. YASPAN

By _____
    Robert M. Yaspan
    Debra R. Brand
    Attorneys for Chapter 11 Debtor and
    Debtor in Possession

5

## DECLARATION OF LEONARD ROSS

I, LEONARD ROSS, being first duly sworn, declare and allege as follows:

1.  I am the Debtor in the above-entitled bankruptcy, and am also the trustee of the Leonard M. Ross Revocable Trust U/D/T 12/20/85. I have personal knowledge of the facts stated herein and if called as a witness I could, and would, competently testify hereto.

2.  This Chapter 11 case was commenced by the filing of a Voluntary Petition under Chapter 11 of the Code by the Debtor on September 15, 2010 ("Petition Date"). I continue to operate my business and manage my affairs as a debtor-in-possession pursuant to sections 1107 and 1108 of the Code.

3.  I, and Rossco Holdings, Incorporated ("Rossco"), a company owned by this estate, filed a lawsuit in September 2005 against Bank of America. Rossco and I did not prevail, and attorneys' fees and costs were awarded against us. The judgment was entered on February 13, 2008. At the time of the judgment, Rossco and I were represented by the law firm of Mendes & Mount, and its attorney of record, Dean Herman ("Herman"). At the suggestion of Herman, Rossco and I retained and engaged Defendant Catherine Rivard ("Rivard") who was at the same law firm. Todd Fuson ("Fuson") was also assigned by Mendes & Mount to represent us in the appeal that the we were instructed to bring.

4.  Among other things, Mendes & Mount, Herman, Rivard and Fuson failed to file a timely appeal and to otherwise render proper legal advice.

5.  On or about July 8, 2010, the Rossco and I filed a legal malpractice claim against Mendes & Mount, Herman, Rivard and Fuson that is currently pending in the Los Angeles Superior Court as Case No. BC441250 ("Malpractice Action"). The action was filed by Cooper & Scully ("COOPER"). That Firm is experienced in matters of appellate law and legal malpractice claims. The

continuation of the Malpractice Action is for the benefit of the estate and its creditors.

6.    The COOPER attorneys that are specifically working on the case are R. Brent Cooper, T. Micah Dortch, and Katherine "Katie" McClelland ("COOPER ATTORNEYS").

7.    The COOPER ATTORNEYS are well qualified to assist the Debtor in this matter. COOPER is the existing attorney of record for Debtor and Rossco. The COOPER ATTORNEYS are already familiar with the underlying facts and circumstances of the Malpractice Action. Furthermore, the COOPER ATTORNEYS are experienced litigators with backgrounds in appellate practice, legal malpractice, and business litigation.

8.    I understand the current hourly rates for COOPER are as follows: shareholders, $215.00 per hour; senior associates, $175.00 per hour; junior associates, $150.00 per hour; and paralegals/law clerks, $85.00 per hour and that the hourly rates are subject to periodic adjustments to reflect economic and other conditions.

9.    Since in or about 2009, COOPER and T. Micah Dortch have represented me and companies owned in whole or in part by me (Roscco, and Lodgeco Properties, Ltd. ("Lodgeco") in matters other than the Malpractice Action. A list of those prior and existing representations is attached as Exhibit E.

10.    No pre-petition sums are due to COOPER from the me. However, my related entities do owe, as of the date of this Application, the sum of $19,650.00, more or less, to COOPER.

11.    COOPER and I have agreed that, upon approval and pursuant to 11 U.S.C §328(a), I will be authorized to pay COOPER $5,000.00 to cover fees incurred by it with regard to COOPER's representation of me in the Malpractice Action. I request authority to pay this retainer from the post-filing funds on hand.

12.    I believe that the employment of COOPER upon the terms and conditions set forth

above is in the best interest of the Debtor's estate.

13.    A true and correct copy of the Notice of this Application, which is being filed and served in accordance with Local Bankruptcy Rule 2014-1(b)(2), is attached hereto as Exhibit A

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 30th day of December, 2010 at Beverly Hills, California.

_____
LEONARD ROSS

## DECLARATION OF T. MICAH DORTCH

I, T. Micah Dortch, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below, and, if called to testify, I would and could competently testify thereto.

2.      I am an attorney licensed in the State of Texas to practice law. I have been admitted pro hac vice on the matter entitled <u>Rossco Holdings Incorporated v. Mendes & Mount</u>, Los Angeles Superior Court Case No., BC 441250 ("Malpractice Action"). This declaration is made in support of my foregoing application to employ Cooper & Scully ("COOPER") as special litigation counsel in the Malpractice Action, on behalf of Leonard Ross, Debtor and Debtor in possession, and accordance with Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). I am a shareholder of COOPER.

3.      On or about July 8, 2010, the Debtor and Rossco filed a legal malpractice claim against Mendes & Mount, Herman, Rivard and Fuson that is currently pending in the Los Angeles Superior Court as Case No. BC441250 ("Malpractice Action"). The action was filed by COOPER. The Firm is experienced in matters of appellate law and legal malpractice claims. The continuation of the Malpractice Action is for the benefit of the estate and its creditors.

4.      The attorneys that are specifically working on the case are R. Brent Cooper, Katherine "Katie" McClelland and me ("COOPER ATTORNEYS").

5.      The COOPER ATTORNEYS are well qualified to assist the Debtor in this matter. COOPER is the existing attorney of record for Debtor and Rossco. The COOPER ATTORNEYS are already familiar with the underlying facts and circumstances of the Malpractice Action. Furthermore, the COOPER ATTORNEYS are experienced litigators with backgrounds in appellate practice, legal malpractice, and business litigation. Attached hereto as Exhibit B is a copy of the professional

biography of R. Brent Cooper; attached hereto as Exhibit C is a copy of the professional biography of T. Micah Dortch; and attached hereto as Exhibit D is a copy of the professional biography of Katherine "Katie" McClelland.

6.     The current hourly rates for COOPER are as follows:  shareholders, $215.00 per hour; senior associates, $175.00 per hour; junior associates, $150.00 per hour; and paralegals/law clerks, $85.00 per hour.  The hourly rates are subject to periodic adjustments to reflect economic and other conditions.  COOPER intends to seek compensation based upon their normal hourly rates, costs and of reasonable out of pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United States Trustee's Guidelines for reviewing motions for compensation and reimbursement of expenses, the Local Bankruptcy Rules and further orders of this Court.

7.     Since in or about 2009, COOPER and I have represented Debtor and companies owned in whole or in part by Debtor (Roscco, and Lodgeco Properties, Ltd. ("Lodgeco") in matters other than the Malpractice Action.  A list of those prior and existing representations is attached as Exhibit E.

8.     No pre-petition sums are due to COOPER from the Debtor.  However, Debtor's related entities do owe, as of the date of this Application, the sum of $19,650.00, more or less, to COOPER.  COOPER is not waiving those claims against the entities, but understands that any payments from this point forward from any Debtor before this court must be made only after an appropriate order of court be entered.  COOPER may, however, accept payments from non-Debtor entities owned in whole or in part by this Debtor.

9.     Also, to the best of my knowledge, and other than as disclosed herein, COOPER has no other connection with the Debtor, any creditors of the Debtor or its estate, or any other party in interest in this case or its respective attorneys or accountants, the United States Trustee or any person

employed by the United States Trustee.

10.     I understand the provisions of 11 U.S.C. §327(e), which require, among other things, Court approval of my employment as Debtor's special litigation counsel. It is requested that the court allow COOPER a $5,000.00 postpetition retainer upon which to draw down for legal expenses rendered postpetition. COOPER will submit records of its hourly billing and expenses for court approval, and it understands that any compensation and reimbursement, regardless of whether or not it is taken from the $5,000.00 retainer, is contingent upon court approval. In the event that amounts drown from the $5,000.00 retainer are disapproved by the Court, COOPER understands that such amounts may be subject to disgorgement by order of the Court.

11.     COOPER and its attorneys have not shared or agreed to share its compensation for representing Debtor with any other person or entity, except among the law firm.

12.     COOPER and the COOPER ATTORNEYS are not equity security holders or insiders of the Debtor, and COOPER and the COOPER ATTORNEYS do not have any connection with any insider of the Debtor or any insider of an insider of the Debtor, except as set forth herein.

13.     COOPER does not hold or represent any interest materially adverse to Debtor or his estate. Except as set forth in this application, COOPER and its attorneys have no prior connections with Debtor, any creditors of Debtor or his estate, or any other party in interest in this case, or any of their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

14.     COOPER and its attorneys are not an investment banker for any outstanding security of Debtor, or any company where Debtor has ownership interest. COOPER and its attorneys have not been within the past three years before the Petition Date an investment bank for a security of Debtor, or an attorney for such an investments banker in connection with the offer, sale or issuance of any

1  security of Debtor, or any of the companies owned by Debtor.

2      15.    COOPER's business address is 900 Jackson, Suite 100, Dallas, Texas 75202; telephone

3  (214) 712-9500; facsimile: (214) 712-9540.

4      16.    COOPER and its attorneys are not aware of any claim that the Debtor has against any

5  of its shareholders, officers or directors.

6

7      17.    COOPER and its attorneys represent no interest adverse to the Debtor, the Debtor-in-

8  Possession herein or its estate in the matters upon which it is to be engaged.  COOPER represents no

9  interest adverse to the estate.  COOPER does not represent the United States Trustee nor any

10  employee of the Office of the United States Trustee.

11

12      18.    COOPER and its attorneys are not a relative or employee of any judge of the United

13  States Bankruptcy Court for the Central District of California, the United States Trustee, or any person

14  currently employed in the Office of the United States Trustee.

15      19.    Within the meaning of 11 U.S.C. Section 101(14) COOPER and its attorneys are

16  disinterested persons.

17

18      I declare under penalty of perjury under the laws of the State of California and the United

19  States of America that the foregoing is true and correct.

20  Executed this 30th day of December, 2010 at _Dallas_ , Texas.

21

22

23  T. MICAH DORTCH

24

25

26

27

28