ROBERT M. YASPAN, SBN #051867
LAW OFFICES OF ROBERT M. YASPAN
21700 Oxnard Street, Suite 1750
Woodland Hills, California 921367
Telephone:  (818) 905-7711
Facsimile: (818) 501-7711
General Counsel for Debtors-in-Possession

FILED & ENTERED

MAY 09 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoarDEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Chapter  No.:    11 |
| | ) |
| Leonard Ross | ) Case No.: 2:10-bk-49358-VZ |
| | ) |
| | ) **ORDER GRANTING MOTION OF DEBTOR TO** |
| | ) **BORROW MONEY AND TO GRANT** |
| Debtor | ) **ADMINISTRATIVE  PRIORITY TO LENDER** |
| | ) |
| | ) Date:      January 4, 2011 |
| | ) Time:      10:00 a.m. |
| | ) Place:     Courtroom 1368 |
| | ) 255 E. Temple Street |
| | ) Los Angeles, California 90012 |
| _____ | ) |

Leonard Ross, the herein Debtor ("Debtor"), having filed his **EMERGENCY MOTION OF DEBTOR FOR INTERIM AND FINAL ORDERS TO BORROW MONEY AND TO GRANT ADMINISTRATIVE PRIORITY TO LENDER** ("MOTION"), and the hearing having been held on regular notice, which notice was proper and timely, the appearances being noted on the record, and good cause otherwise appearing therefor, and the Court's findings of fact and conclusions of law having been made on the record:

1.      The MOTION is granted.

2.    Debtor is hereby authorized, empowered and directed to enter into, execute, deliver and perform a financing agreement (the "Loan") with CHSC in the sum of up to $700,000 that allows for the following terms:

2.1    Borrower:  Debtor.

2.2    Lender:  CHSC

2.3    Amount to Be Borrowed: Up to $700,000, as needed.

2.4    Interest Rate: 10% per annum, payable in monthly interest only payments.

2.5    Due Date:  One Year or upon the close of the sale of the Beverly Property, whichever occurs first.   However, the Loan will additionally become completely due and payable on the occurrence of any of the following events: (a) the Effective Date of a confirmed Plan of Reorganization; (b) the conversion of this Chapter 11 proceeding to a proceeding under Chapter 7 of the Bankruptcy Code; (c) the dismissal of the Chapter 11 case, or (d) the appointment of a Chapter 11 Trustee..

2.6    Security: None.

2.7    Priority of repayment:  The Loan shall be granted an administrative priority equal to all other "priority one Chapter 11 expenses of administration", except for a "carve out" for (i.e., a priority position subordinate to), (the "Carve Out") the following : (a) aggregate unpaid and allowed fees and costs payable under Sections 330 and 331 by the Bankruptcy Code to professionals retained by the Debtor, including those incurred by the General Counsel to the Debtor (The Law Offices of Robert M. Yaspan) employed by the Estate, and Special Counsel, and any Certified Public Accountant; and (b) the unpaid fees of the Clerk of the Bankruptcy Court and the U.S. Trustee pursuant to 28 U.S.C. Section 1930(a).

2

2.8    There shall not be any penalty for prepayment.  If principal is repaid during the term of the Loan, then it may be re-borrowed as necessary.

3.    The executed financing document shall constitute valid and binding obligations of Debtor enforceable against Debtor.  Debtor is authorized and directed to perform and comply with all acts that may be required under the terms, intent and purpose of the financing documents.

4.    Except for the Carve-Out, no costs or expenses of administration of this case or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under any chapter of the Bankruptcy Code, shall be imposed or charged against, or recovered from, CHSC or any of the Property under section 506(c) of the Bankruptcy Code or any similar principle of law.

5.    CHSC's priority claim shall be subject and subordinate to the Carve-Out.

6.    The Loan and CHSC's priority claim shall continue in any superseding case for Debtor under any chapter of the Bankruptcy Code, and such liens, security interests and claims shall maintain their priority as provided in this Interim Order.  If any order dismissing this case, pursuant to section 1112 of the Bankruptcy Code or otherwise, is at any time entered, such order shall provide that (A) the Loan and CHSC's priority claim shall continue in full force and effect, shall remain binding on all parties in interest in this case, and shall maintain their priorities as provided in this Interim Order, until all obligations of the Debtor under the Loan have been paid and satisfied in full. Notwithstanding the dismissal of this case, this Court shall retain jurisdiction with respect to enforcing CHSC's priority claim.

7.    The Loan and CHSC's priority claim shall not be modified, impaired or discharged by the entry of an order confirming a plan of reorganization in this case.

3

8.      This Order shall be sufficient and conclusive evidence of the validity, perfection and priority of the Loan and CHSC's priority claim.

9.      Each and every federal, state, and local government agency, department or office is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

10.     CHSC has acted in good faith in connection with the Loan and this Order, and its reliance on the provisions of this Order when extending credit will be in good faith. Accordingly, if any provision of this Order is hereafter modified, vacated or stayed by subsequent order of this Court or any other court for any reason, CHSC is entitled to the protection provided in 11 U.S.C. Section 364(e) of the Bankruptcy Code. In addition, as to any funds lent and delivered to the Debtor prior to the entry of the Final Order, or any other Order that modifies, vacates or stays this Order, the terms of this Order shall control.

11.     In the event of any inconsistency between the terms and conditions of the Loan and the terms and conditions of this Order, the terms and conditions of this Order shall control.

12.     The parties to the Loan may, from time to time, enter into waivers or consents with respect thereto without further order of this Court. The parties to the Loan may, from time to time, enter into amendments with respect thereto without further order of this Court, provided that (A) the Loan, as amended, is not materially different from the form approved by this Order; (B) notice of all amendments is filed with this Court; and (C) notice of all amendments (other than those are ministerial or technical and do not adversely affect the Debtor) are provided in advance to counsel for any creditor's committee (if one exists), all parties requesting notice in this case and the United States Trustee. For purposes hereof, a "material" difference from the form approved by this Order shall mean any difference resulting from a modification that operates to (1) shorten the maturity of

the extensions of credit under the terms of the Loan, or otherwise require more rapid principal

amortization than is currently required under the terms of the Loan, (2) increase the aggregate

amount of any of the commitments thereunder, (3) increase the rate of interest or any other fees or

charges payable thereunder (other than to the extent contemplated by the terms of the Loan), (4) add

specific new Events of Default or shorten the notice or grace period in respect to any Events of

Default, (5) enlarge the nature and extent of default remedies available to the CHSC or its agents

and/or assigns under the terms of the Loan following the occurrence and during the continuance of an

Events of Default, (6) add additional financial covenants or make any financial covenant or other

negative or affirmative covenant or representation or warranty more restrictive on Debtor, or (7)

otherwise modify the terms of the Loan in a manner materially less favorable to the Debtor or its

estate.

13.     This Order shall constitute finding of fact and conclusions of law pursuant to

Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014, and shall be

deemed effective and enforceable nunc pro tunc to December 10, 2010.

14.     The rights, benefits, and privileges granted pursuant to this Order (including, without

limitation, CHSC's rights under the Loan and its priority claim shall attach and be enforceable

against the bankruptcy estate of Debtor.

15.     Except as otherwise provided in this Order, the terms of the Loan and the provisions

of this Order, including all findings of fact and conclusions of law set forth herein, shall, immediately

upon entry of this Order in this case, become valid and binding upon Debtor, CHSC, and all other

creditors of the Debtor, and all other parties in interest in this case and their respective successors and

assigns, including any trustee or other fiduciary hereafter appointed as a legal representative of

Debtor's estate in this case or in any subsequent chapter 7 case; provided however, that CHSC shall

not have any obligation to extend credit or otherwise make the Loan to any chapter 7 trustee, chapter 11 trustee, examiner or similar responsible persona appointed in this case.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

16.    This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of the Loan and Order in all respects; provided however, that in the event that this Court abstains from exercising or declines to exercise jurisdiction with respect to any matter provided for in this paragraph, or without jurisdiction, such abstention, refusal, or lack of jurisdiction shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.

PRESENTED BY: LAW OFFICES OF ROBERT M. YASPAN

   /s/ Robert M. Yaspan
By: Robert M. Yaspan

APPROVED AS TO FORM:

Bank of America

   /s/Joshua D. Wayser
By: Joshua D. Wayser, Esq.

Nataalia Rey

   /s/J. Bennett Friedman
By: J. Bennett Friedman

# # #

DATED: May 9, 2011

_____
United States Bankruptcy Judge

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 21700 Oxnard Street, Suite 1750, Woodland Hills CA 91367

The foregoing document **ORDER GRANTING MOTION OF DEBTOR TO BORROW MONEY AND TO GRANT ADMINISTRATIVE PRIORITY TO LENDER** will be served or was served  (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

**II.  SERVED BY U.S. MAIL**
On January 12, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

SEE ATTACHED SERVICE LIST

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 12, 2011 | Nancy Nakamura | /s/  Nancy Nakamura |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Leonard M. Ross
1011 No. Beverly Drive
Beverly Hills, CA 90210

Bank of America
201 East Washington Street
Phoenix, AZ 85004

Capital One Auto Finance
3905 N. Dallas Pkwy
Plano TX 75093

Chase Auto Finance
1820 E. Sky Harbor Circle S
Phoenix, AZ 85034

Merri Jean Ross
1023 N. Roxbury Drive
Beverly Hills, CA 90210

*Attorney for Nataalia Rey*
Charles Wake
Law Office of Charles Wake
1901 Ave of the Stars Ste 1700
Los Angeles, CA 90067

Pacific Mercantile Bank •
9720 Wilshire Boulevard
Beverly Hills, CA 90212

Rossco Holdings Incorporated
1011½ N. Beverly Drive•
Beverly Hills, California 90210

Wells Fargo Financial Leasing
2012 Corporate Lane, Suite 108
Napperville, IL 60197-6434

Amer. Express
2965 W. Corporate Lakes
Blvd
Weston FL 33331

Citizen's Bank
328 S. Saginaw St
Flint MI 48502

Bellagio Hotel
3600 Las Vegas Blvd South
Las Vegas, NV 89109

JP Morgan Private Bank
270 Park Ave
New York, NY 10017

OneWest Bank FSB
390 West Valley Parkway
Escondido, CA 92025

Prosperity Bank
2202 Longmire Drive
College Station, Texas 77845

OneWest Bank FSB
390 West Valley Parkway
Escondido, CA 92025

Rossco MP Properties Co. LLC
1011½ N. Beverly Drive
Beverly Hills, CA 90210

RFF Family Partnership, LP
226 Twenty-Third Street
Santa Monica, California 90402

National Guardian Life
Insurance Co.
Two East Gilman Street
Madison, WI 53703

Chase Home Finance
3415 Vision Drive
Columbus OH 43219

Chamber Copy
The Hon. Vincent Zurzolo
255 E. Temple Street,
Suite 1360 Courtroom 1368
Los Angeles, CA 90012

Office of the United States
Trustees
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Stuart R. Richter
Katten Muchin Roseman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

WINSTON & STRAWN LLP
David L. Aronoff
Justin Rawlins
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

*Request for Special Notice*
Ascension Capital Group
2201 E. Lamar Blvd.
Arlington, TX 76006

*Attorney for Nataalia Rey*
J. Bennett Friedman
1901 Avenue of the Stars, Suite 1700
Los Angeles CA 90067

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER ON MOTION OF DEBTOR TO BORROW MONEY AND TO GRANT ADMINISTRATIVE PRIORITY TO LENDER** was entered on the date indicated as AEntered@ on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of January 12, 2011                          , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Henkie F Barron    hbarron@winston.com, docketsf@winston.com
- Jerome Bennett Friedman    jfriedman@jbflawfirm.com, cdonoyan@jbflawfirm.com;jmartinez@jbflawfirm.com
- Michael S Greger    mgreger@allenmatkins.com
- Michael S Kogan    mkogan@ecjlaw.com
- Dare Law    dare.law@usdoj.gov
- Justin E Rawlins    jrawlins@winston.com, docketla@winston.com
- Scott A Schiff    sas@soukup-schiff.com
- David B Shemano    dshemano@pwkllp.com
- Timothy J Silverman    tim@sgsslaw.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Thomas B Ure    tbuesq@aol.com, ThomasUre@aol.com
- Joshua D Wayser    joshua.wayser@kattenlaw.com, kim.johnson@kattenlaw.com
- Robert M Yaspan    court@yaspanlaw.com, tmenachian@yaspanlaw.com

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered@ stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

XXX Service information continued on attached page

Leonard M. Ross
1011 No. Beverly Drive
Beverly Hills, CA 90210

Bank of America
201 East Washington Street
Phoenix, AZ 85004

Capital One Auto Finance
3905 N. Dallas Pkwy
Plano TX 75093

Chase Auto Finance
1820 E. Sky Harbor Circle S
Phoenix, AZ 85034

Merri Jean Ross
1023 N. Roxbury Drive
Beverly Hills, CA 90210

*Attorney for Nataalia Rey*
Charles Wake
Law Office of Charles Wake
1901 Ave of the Stars Ste 1700
Los Angeles, CA 90067

Pacific Mercantile Bank •
9720 Wilshire Boulevard
Beverly Hills, CA 90212

Rossco Holdings Incorporated
1011½ N. Beverly Drive•
Beverly Hills, California 90210

Wells Fargo Financial Leasing
2012 Corporate Lane, Suite 108
Napperville, IL 60197-6434

Amer. Express
2965 W. Corporate Lakes Blvd
Weston FL 33331

Citizen's Bank
328 S. Saginaw St
Flint MI 48502

Bellagio Hotel
3600 Las Vegas Blvd South
Las Vegas, NV 89109

JP Morgan Private Bank
270 Park Ave
New York, NY 10017

OneWest Bank FSB
390 West Valley Parkway
Escondido, CA 92025

Prosperity Bank
2202 Longmire Drive
College Station, Texas 77845

OneWest Bank FSB
390 West Valley Parkway
Escondido, CA 92025

Rossco MP Properties Co. LLC
1011½ N. Beverly Drive
Beverly Hills, CA 90210

RFF Family Partnership, LP
226 Twenty-Third Street
Santa Monica, California 90402

National Guardian Life
Insurance Co.
Two East Gilman Street
Madison, WI 53703

Chase Home Finance
3415 Vision Drive
Columbus OH 43219

Chamber Copy
The Hon. Vincent Zurzolo
255 E. Temple Street,
Suite 1360 Courtroom 1368
Los Angeles, CA 90012

Office of the United States
Trustees
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Stuart R. Richter
Katten Muchin Roseman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067

WINSTON & STRAWN LLP
David L. Aronoff
Justin Rawlins
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

*Request for Special Notice*
Ascension Capital Group
2201 E. Lamar Blvd.
Arlington, TX 76006

*Attorney for Nataalia Rey*
J. Bennett Friedman
1901 Avenue of the Stars, Suite 1700
Los Angeles CA 90067

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28